GRIFFITH et al., respondents, *v.* HERSHFIELD et al., appellants.

STAMPS ON GOLD DUST CONTRACTS.  A writing stating that a certain quantity of gold dust is due, without specifying its value, and a mortgage executed to secure the delivery of the same, are not "instruments for the payment of money," under the act of congress requiring stamps to be affixed to them.

COUNTY RECORDER — *authority — stamps.*  A county recorder is not authorized to determine the value of gold dust described in a mortgage which is presented to him for record, and cannot know what stamp should be affixed thereto before he records it.

STAMPS ON MORTGAGE AND NOTE.  It is legal to affix stamps to a note, or the mortgage executed to secure its payment, or both, if the amount on both is sufficient.

PRACTICE — *judgment on reserved verdict.*  It is not error to enter judgment upon a verdict which has been reserved for consideration, on the motion of complaining party.

INTEREST ON JUDGMENTS.  Judgments bear interest in this Territory at the rate of ten per centum per annum.

*Appeal from the Third District, Lewis and Clarke County.*

GRIFFITH and Thompson commenced this action to foreclose a mortgage executed by Hermann & Star, to secure the payment of a number of ounces of gold dust. The suit was brought in the district court in Jefferson county, on June 18, 1867, which was then attached to Edgerton county for judicial purposes. The name of Edgerton county was changed to Lewis and Clarke county by an act of the legislature, approved December 20, 1867. Hermann & Star made the following instrument, which formed a part of the complaint:

"VIRGINIA CITY, M. T., *October* 17, 1866.

Due Griffith & Thompson, or order, for balance due for building quartz mill as per settlement this date, the amount of ninety-three and one-half ounces (93½ oz.) in good merchantable gold dust, and the amount of four and two-thirds ounces (4⅔ oz.) per month additional, in merchantable gold dust, from date until paid.

HERMANN & STAR."

{ $1 U. S. Rev. Stamp, }
{          canceled.          }

On the same date Hermann & Star executed a mortgage on their quartz mill, to secure the payment of the gold dust contract. The mill was situated in Jefferson county. The mortgage was acknowledged in Madison county on November 8, 1866, before a notary public, and filed for record with the county recorder of Jefferson county on November 10, 1866. The mortgage was stamped with an internal revenue stamp of the United States of the value of two dollars.

Hermann & Star answered on July 1, 1867, and Hershfield and Hanauer, on the same day, filed their petition to intervene in the action, and stated the following facts: That Hermann & Star, on November 8, 1866, executed to Hershfield and Hanauer a deed to the property described in the mortgage to Griffith and Thompson; that this deed was recorded in the county recorder's office in Jefferson county, on November 14, 1866; and that it was executed for a valuable consideration, to secure the payment of money due

from Hermann & Star to Hershfield and Hanauer. They prayed to be made parties to the action, to contest the claim of Griffith and Thompson; that their deed be declared a prior incumbrance to the plaintiffs' mortgage, and that the property be sold to satisfy their demand against Hermann & Star, being $16,940 and interest.

The plaintiffs filed their answer to the petition of the intervenors, and the cause was tried in April, 1868, in the district court, MUNSON, J. On the trial the intervenors objected to the introduction of the mortgage from Hermann & Star to the plaintiffs, and also a certified copy of the same, which plaintiffs offered in evidence, on the ground that the mortgage was not legally stamped, and that the evidence that it had been recorded was insufficient. The objection was overruled, and the intervenors excepted.

The jury returned a general verdict for the plaintiffs, and, among other special findings, that the value of the gold dust, mentioned in the instrument dated October 17, 1866, was $2,103.75.

On motion of the counsel for the intervenors, the entry of judgment upon the verdict and findings of the jury was stayed, until they could be heard thereon. After the argument of counsel the court rendered its decree in favor of plaintiffs, on May 18, 1868, and the intervenors appealed. The amount of the judgment was $3,993.75, with interest thereon from May 18, 1868, at the rate of two and one-half per cent per month.

CHUMASERO & CHADWICK, for appellants.

The mortgage should have been excluded, because it was not sufficiently stamped. The complaint showed that the gold dust was of the value of $2,770.60. The mortgage should have had upon it a stamp of $3. It actually had a stamp of only $2. Int. Rev. Laws and Regulations, Series 3, No. 10, May 10, 1867, p. 12.

The mortgage was not made until the day before its execution, on November 8, 1866, although it has the same date as the note. The note was not sufficiently stamped at the

time it was made. The law does not allow the stamps to be divided; one of the instruments must be sufficiently stamped. If such a division is allowed, it can only be done when the instruments were executed simultaneously. A party must apply to the collector to stamp instruments insufficiently stamped. Int. Rev. Laws 1867, § 158. No rights acquired prior to such re-stamping can be affected thereby. The mortgage, executed twenty-two days after the note was given, ought to have had the full amount of the stamp upon it. The mortgage could not be connected with the note, so as to avoid the consequences of the insufficient stamping. A stamp once canceled cannot be used to give vitality to an instrument subsequently executed.

The amount secured was uncertain; but the complaint and testimony show that the parties to the instrument well knew the amount intended to be secured, $2,770.60. The jury found the value of the gold dust to be $2,103.75. The plaintiffs knew that the amount so secured was over $2,000, and this value never decreased.

The mortgage was not entitled to be recorded. The mortgage was not properly stamped, and did not show that the proper amount had been affixed to any instrument. Such an instrument could not be recorded under the Internal Revenue Law, §§ 152 and 163. The mortgage, if afterward stamped, could not affect prior rights. Id., § 158. The record was absolutely void, and could not be used in evidence.

The recorder had no right to record the mortgage. An instrument placed on record, without authority of law, cannot be treated as notice to subsequent purchasers or incumbrancers.

The court erred in allowing interest upon the judgment at the rate of two and one-half per cent per month. The law fixes the rate of interest on judgments at ten per cent per annum. Acts 1865, 535, § 2. A judgment carries such rate of interest as is legal at the date of the judgment, regardless of the rate recoverable on the contract. *Verner*

v. *Hughes,* 6 Halst. 91 ; *Byrd* v. *Gosquet,* 1 Hemp. 261 ; *Evans* v. *White,* id. 296.

The decree is void. It was made in vacation, and should have been made before the close of the term at which the case was tried. The court had no right to order the judgment to be entered in vacation. *Hogeboom* v. *Genet,* 6 Johns. 325 ; *Sheppard* v. *Wilson,* 1 Morris, 448 ; *Goddard* v. *Coffin,* Davies, 381.

There was no order of the court, after the trial, reserving the cause for further consideration. The clerk should have made an entry of such order. Nothing of this kind was done. Acts 1867, 167, § 178.

WORD & SPRATT and WOOLFOLK & TOOLE, for respondents.

The jury find that respondents' mortgage was first recorded in the proper county. It is, therefore, entitled to precedence over that of the intervenors. Acts 1865, 484, §§ 24 and 25 ; 4 Kent's Com. 191 ; 4 Abb. Dig. 687, §§ 23, 75, 688. Each mortgage was executed and received without notice of the other.

The intervenors' mortgage was executed and recorded as an absolute deed. It does not operate as constructive notice of a mortgage, and is regarded as an unrecorded mortgage. 4 Abb. Dig. 686, § 1 ; 688, §§ 31, 32, 33 ; *James* v. *Morey,* 2 Cow. 246 ; *Dey* v. *Dunham,* 2 Johns. Ch. 190.

Respondents' mortgage was made and executed to secure a certain amount of gold dust. The revenue laws apply only to mortgages securing a certain sum of money, while this mortgage was to secure an indefinite amount of gold dust as to value. The note and mortgage were both stamped, and, in law, they are regarded as one instrument. The stamps, amounting to $3, were more than sufficient to cover the value of the gold dust as found by the jury. U. S. Int. Rev. Laws ; decision of Commissioner Rollins of September 4, 1868.

The records, which are the best and only evidence, show that there was no adjournment of the term at which the

decree was rendered. 1 Greenl. Ev., § 513. If the decree was signed in vacation, the findings of the jury were in court and during the term, and it is the duty of the supreme court to enter such judgment on the findings of the jury as is right. *Love* v. *Shartzer*, 31 Cal. 488.

WARREN, C. J.   The chief question raised upon this record is the sufficiency of the revenue stamps affixed to the instruments executed to appellees by Hermann & Star, defendants below.   The internal revenue act, in force at the time they were executed, imposed an *ad valorem* duty upon specified instruments in writing for payment of money, or upon "other written or printed evidence of an amount of money to be paid on demand, or at a time designated;" and, also, upon mortgages of real or personal property made as security for the payment of any "definite and certain sum of money."   It also provides that it shall not be lawful to record any instrument required by law to be stamped, unless a stamp or stamps of the proper amount shall have been affixed, and that such record, if made, shall be void, and shall not be used as evidence.

The instrument in question in this case is not for the payment of money.   It is "evidence" of an agreement to pay appellees a certain number of ounces of gold dust, on demand, and the mortgage was executed to secure the same. The former instrument was stamped to the amount of $1, and the latter to the amount of $2.   The appellants contend that they were insufficiently stamped, and that the record of the mortgage, though made prior to that of the conveyance or mortgage to them, was void, and that they were not thereby legally charged with notice of its existence.   It is assigned that the court erred in admitting the instruments, and the certificate of record of the mortgage, in evidence upon the trial below.

We are of opinion that the instruments in question are not embraced in the schedule embodied in the revenue act, as subject to the *ad valorem* duties thereby imposed upon similar instruments for the payment and securing of money,

and that they were valid, and that proof of the record of the mortgage was properly admitted. The contract or agreement of the parties was for the payment or delivery of certain property ; and the mortgage was executed to secure the performance of the agreement, and they cannot be regarded as being for the payment of money.

Had the money value of the gold dust been expressed in the instrument, or could it have been ascertained from 'its terms, the case would have been different.

It was the duty of the recorder, under the territorial law, to record the mortgage, and the record, when made, was notice to all. Under the act of congress he had no legal authority to determine the value of the property embraced in the mortgage, and the payment of which it was made to secure ; and no means were furnished him by which to arrive at the amount of duty to which the instrument was subject. Had congress designed to include such instruments in the provision relating to recording, power would have been conferred to ascertain by some means the value, in order to determine whether the amount of *ad valorem* duty paid, as denoted by the stamps, entitled it to record or not.

Admitting, however, that while the instrument secured by the mortgage was only subject to duty as an agreement or contract, the mortgage was subject to the *ad valorem* duty, the amount to which it was subject would depend upon the value of the property secured by it at the time of the execution of the mortgage, and not upon its subsequent value, or with the accrued interest.

The agreement, or memorandum, and the mortgage, both bear date October 17, 1866, and, in their special finding, the jury found that to be the true date. There is no proof, and no presumption of law, that the value of the gold dust, at that time, exceeded the amount indicated by the stamps.

If, however, as claimed by appellants, the mortgage was not executed until November 8, 1866, still the value of the gold at that time, as found by the jury, was $2,103.75, and the two instruments constituting but one transaction, the amount of duty upon them denoted by the stamps was

sufficient. The object of the act is to derive revenue; and the amount of the stamps being sufficient, it is not material to which they were affixed. The record shows that after rendition of the verdict, the court, on appellants' motion, ordered the case to be reserved for further consideration; and, after argument, entered judgment in conformity to the verdict. In this there was no error.

The court below erred in allowing interest upon the judgment at a greater rate than ten per cent per annum; and the judgment is hereby modified so as to conform to this opinion, and affirmed as modified.

*Modified.*

Knowles, J., concurred.

This judgment was reversed at the August term, 1872.